UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS,

    Petitioner,

Case No. 14-13513

HON. AVERN COHN

PAUL KLEE,

    Respondent.

_____/

## MEMORANDUM AND ORDER
## GRANTING PETITIONER'S MOTION TO REOPEN
## AND
## DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Doc. 10)

I. Introduction

This is a habeas case under 28 U.S.C. § 2254 which is closed. Petitioner, a state prisoner, challenged his convictions of assault with intent to commit murder and first-degree home invasion. He raised a claim challenging the voluntariness of his plea and a claim of ineffective assistance of counsel. In November of 2015, the Court denied the petition for lack of merit and also denied a certificate of appealabililty. (Doc. 8).

Before the Court is Petitioner's motion to reopen the case so the Court may consider his motion for relief from judgment. (Doc. 10). For the reasons that follow, the motion to reopen is GRANTED and Petitioner's motion for relief from judgment is DENIED.

II.  Motion to Reopen

Petitioner says that he attempted to file a motion for relief from judgment on or about November 19, 2015 (13 days after the Court denied the petition).  However, he says the motion was somehow lost after he placed it in the prison mail system.  Petitioner also says he contacted the Clerk's office regarding the status of his motion for relief from judgment.  When Petitioner learned that the motion was not on the docket, he filed the instant motion to reopen.

Under these circumstances, the case is REOPENED for the limited purpose of considering Petitioner's motion for relief from judgment, a copy of which is attached to the motion to reopen.

III.  Motion for Relief from Judgment

Petitioner says that relief is warranted under Fed. R. Civ. P. 60(b)(1) because the Court ignored his claim that his plea bargain was illusory because he could not have been convicted of the original charge of assault with intent to commit murder.

Under Rule 60(b)(1) a Court may relieve a party from a final judgment, order, proceeding on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Petitioner's argument does not establish a basis for granting him relief from judgment.  Contrary to Petitioner's assertion, the Court did address his contention that he could not have been convicted of assault with intent to commit murder.  The relevant portion of the Court's memorandum and order states:

> Finally, Petitioner argues that the prosecution could not prove at trial that Petitioner intended to kill the victims because the victims did not see him directly point the gun and try to shoot them. Petitioner does not explain

2

> how this affected his plea or how trial counsel was ineffective. To the extent he is claiming there was insufficient evidence of his intent, the record shows that Petitioner attacked the victims with a gun and had extra ammunition on his person. He told Wilson that he was not concerned about her calling 9-1-1 because he only needed five minutes. Thereafter, he fired his weapon twice when he attacked the house. Petitioner wielded the gun during the attack, and it was only after his son apparently disarmed him and his wife shot him that the attack ceased. This evidence would have been sufficient for a jury to conclude beyond a reasonable doubt that Petitioner intended to kill one or more of the victims. Accordingly, Petitioner is not entitled to habeas relief on sufficiency of the evidence grounds.

(Doc. 8 at p. 11).

Because sufficient evidence existed to convict Petitioner of assault with intent to commit murder, his plea bargain was not illusory. See McAdoo v. Elo, 365 F. 3d 487, 498 (6th Cir. 2004) (plea not illusory where petitioner derived a real benefit from his plea bargain).

Accordingly, Petitioner's motion for relief from judgment is DENIED.

IV. Certificate of Appealability

Before Petitioner can appeal the Court's decision denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). Here, the Court concludes that reasonable jurists would not debate whether Petitioner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in denying the motion.

Accordingly, a COA is DENIED.

SO ORDERED.

                                          <u>S/Avern Cohn</u>
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: June 22, 2016
       Detroit, Michigan