UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS,

    Petitioner,                                     Case No. 14-13513

                                                         HON. AVERN COHN

PAUL KLEE,

    Respondent.

_____/

## MEMORANDUM AND ORDER
## DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 14)

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254 which is closed. Petitioner, a state prisoner, challenged his convictions of assault with intent to commit murder and first-degree home invasion. He raised a claim challenging the voluntariness of his plea and a claim of ineffective assistance of counsel. In November of 2015, the Court denied the petition for lack of merit and also denied a certificate of appealabililty. (Doc. 8). In 2016, Petitioner filed a motion to reopen the case so the Court may consider his motion for relief from judgment. (Doc. 10). The Court granted the motion to reopen, considered Petitioner's motion for relief from judgment, and denied the motion for lack of merit. (Doc. 12).

Before the Court is Petitioner's motion for reconsideration of the denial of his motion for relief from judgment. For the reasons that follow, the motion is DENIED.

II.  Legal Standard

Petitioner cites Rule 50(e) as a basis for his motion.  The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion."  Keweenaw Bay Indian Community v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996), citing Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).  Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).  However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly."  Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Petitioner also requests reconsideration of the Court's order denying his motion for relief from judgment.  As such, his motion may also be construed as a motion as a motion for reconsideration under E.D. Mich LR 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

III.  Discussion

Petitioner has not satisfied the standard fo relief under either Rule 50(e) or Local Rule 7.1(g).  To the extent Petitioner's motion presents the same arguments previously considered and rejected by the Court in denying the petition and denying the motion for relief from judgment he is not entitled to relief.  To the extent Petitioner asks the Court to stay proceedings on his petition so that he can exhaust state court remedies, such a request is improper.  The Court denied the petition and closed the case.  There are no proceedings pending to stay.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: July 19, 2016
      Detroit, Michigan